IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE JAMES EDMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-124E |
| | ) | |
| RAYMOND SOBINA, Superintendent; | ) | Judge Maurice B. Cohill/ |
| THE ATTORNEY GENERAL OF THE | ) | Magistrate Judge Maureen P. Kelly |
| STATE OF PENNSYLVANIA; and THE | ) | |
| DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF ERIE, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") be denied and that a certificate of appealability be denied.

**II. REPORT**

Willie James Edmond ("Petitioner") was charged in July 2006 with the sexual assault and rape of a twelve year old girl, along with related charges, in Erie County. Midway through the May 2007 trial, after the victim testified against Petitioner, but before the DNA expert took the stand to confirm that it was Petitioner's DNA present in the seminal fluid found on the victim, Petitioner chose to plead guilty to the rape charge in exchange for the other charges being dismissed. As a consequence of his guilty plea, Petitioner is currently serving a sentence of 10 to 20 years.

In the Petition, Petitioner identifies only one ground for federal habeas relief. He asserts as "Ground One": ["]Coerced guilty plea in violation of the due process under the 14th Amendment of U.S. Constitution. Denial of proper and timely motion to withdraw Petitioner's guilty plea." ECF No. 8 at 5. Because these two claims were not raised in his direct appeal, they were waived under state law and procedurally defaulted under federal law. In the alternative, Petitioner has not carried his burden to show that the state court's disposition of these two claims was contrary to or an unreasonable application of then existing United States Supreme Court precedent, and so the Petition must be denied.

## A. FACTUAL AND PROCEDURAL HISTORY

Given that we write primarily for the parties who are well-acquainted with the facts of this case, the testimony at trial and at the PCRA hearings, we forego a lengthy recitation herein.[1] It is sufficient to note, that the 12 year old victim testified at trial that Petitioner, who was 41 years old, held her down and raped her. Petitioner pleaded guilty to the charge of rape. Petitioner's guilty plea took place on May 23, 2007. On September 7, 2007, prior to being sentenced, Petitioner sought to withdraw his guilty plea. The trial court held a hearing on Petitioner's motion to withdraw on November 20, 2007. The trial court explained what transpired at the hearing as follows:

> the defendant testified and said that, even though he admitted at the time of the entry of his plea that he had raped this child, he was in fact not guilty. He blamed his decision to admit to raping the child on his attorney's ineffectiveness and failure to do a thorough job in discovering or reviewing evidence favorable to his position. The defendant indicated that his current position was that, while he may

---

[1] A summary of the facts underlying the crime and the evidence adduced at the interrupted trial is provided in Judge John Bozza's May 2, 2008 Supplemental Opinion ("Supplemental Opinion"). State Court Record ("SCR") No. 52.

> have had a sexual encounter with the victim, he believed that she was not 12 but 19 years old and that there was no sexual penetration. He further observed that his understanding of the DNA evidence was that it would only show that the analyzed specimen was from her underwear and "outer lips" and therefore there was no proof of penetration.

Supplemental Opinion, SCR No. 52 at 3. The motion to withdraw Petitioner's guilty plea was denied on December 13, 2007.

In Petitioner's direct appeal to the Pennsylvania Superior Court, the only issue raised was that Petitioner's sentence was allegedly excessive. Commonwealth v. Edmond, No. 348 WDA 2008, slip op. (Pa. Super. Ct. 12/9/2008), ECF No. 8-4 at 4.[2] The Superior Court found that the sentence was not manifestly excessive and affirmed the judgment. Id.

Petitioner then filed his first Petition for Post Conviction Collateral Relief ("PCRA") on December 15, 2008, and raised numerous alleged errors. SCR No. 53. Among the issues were that:

> 1). . . . the proceeding captioned as Trial No[.] 2559 of 2006, was the proximate cause for the coerced plea agreement . . . .

SCR No. 53 (Memorandum in Support of the P.C.R.A. Petition at I).

---

[2] We note that the District Attorney appears to be confused. In the Answer, he states regarding the direct appeal that "Petitioner's appeal was denied in December 9, 2008, with one exception." ECF No. 13 at 2. The District Attorney then goes on in a footnote to assert that the "case was remanded [by the Superior Court] for sentencing purposes, so that Petitioner could be credited for pre-trial incarceration as he had not satisfied the bail requirements." Id. This is not correct. On direct appeal, the Superior Court merely affirmed. ECF No. 8-4 at 2 to 9. The Superior Court did not remand to the trial court for resentencing until after Petitioner filed his first PCRA petition, had it denied by the trial court and then Petitioner appealed and only on the appeal, did the Superior Court affirm the denial of PCRA relief except it vacated the sentence and remanded to the trial court for resentencing given that Petitioner had not been properly credited pre-trial detention time. See Commonwealth v. Edmond, No. 979 WDA 2009, slip op. (Pa. Super. Ct., 2/5/2010), ECF No. 8-4 at 22 to 25.

3

> 6). . . . a Motion to withdraw the Plea may be made at any time prior to the imposition of sentencing, and should be granted upon a showing of any fair and just reason. . . .

Id., at II.

> 11). Appellate counsel failed to raise meritorious issues put forth by Petitioner. A claim of layered ineffective assistance of counsel is evident. . . .

Id., at VI.

The PCRA Court appointed counsel for Petitioner, and appointed counsel filed a no-merit brief. On February 6, 2009, the PCRA Court filed a Notice of Intent to Dismiss the PCRA petition, explaining why the claims regarding sentencing did not deserve relief. Judge Cunningham Op., SCR No. 58. On February 13, 2009, the PCRA Court issued another Notice of Intent to Dismiss, explaining why the non-sentencing claims did not merit relief. Judge Bozza Op., SCR No. 61.[3] The PCRA Court ultimately denied relief. SCR No. 63. Petitioner appealed to the Superior Court. Petitioner filed a Statement of Errors Complained of On Appeal pursuant to Pa.R.App.P. 1925(b) as did Petitioner's counsel. In response, the PCRA Court filed a Supplemental Opinion on June 19, 2009. SCR No. 73.

In the appeal to the Pennsylvania Superior Court, Petitioner's counsel filed a no-merit letter with the Superior Court and a motion to withdraw. On November 17, 2009, the Superior Court issued an unpublished memorandum opinion. Commonwealth v. Edmond, No. 979 WDA 2009, slip op. (Pa. Super. Ct., 11/17/2009), ECF No. 8-4 at 10 to

---

[3] For some reason, the trial/guilty plea proceedings were conducted by Judge Bozza. The sentencing proceedings were conducted by Judge Cunningham.

21. The Superior Court found one claim regarding sentencing credits to have been possibly meritorious and so the Superior Court ordered further briefing on this issue.[4] The Superior Court addressed the other errors asserted by Petitioner. The Superior Court found that Petitioner waived his claim regarding the coerced plea. Commonwealth v. Edmond, No. 979 WDA 2009 , slip op. (Pa. Super. Ct. 11/17/2009), ECF No. 8-4 at 13. The Superior Court also found Petitioner waived his claim that he should have been permitted to withdraw his guilty plea because he was dissatisfied with his counsel. This finding of waiver was based on the fact that the withdrawal-of-plea claim was not pursued on direct appeal. Alternatively, the Superior Court found the withdrawal-of-plea

---

[4] The Superior Court's opinion is somewhat confusing to this court. In its opinion, the Superior Court stated that

> In light of the foregoing discussion, we cannot deem Appellant's credit-time issue lacking in merit but we are also not prepared, at least at this juncture, to grant him relief. Accordingly, we will deny counsel's petition to withdraw and **remand** this case. Within thirty days of the date of this memorandum, Appellant's counsel shall file an advocate's brief on the aforesaid issue of credit time.
> The Commonwealth may file a responsive brief within thirty days of when Appellant's brief is filed. We urge the Commonwealth to do so, thus providing **this Court** with advocacy on the Commonwealth's position on this crystallized issue.
> . . . .
> Petition to withdraw denied. Case **remanded** with instructions. Panel jurisdiction retained.

Commonwealth v. Edmond, No. 979 WDA 2009, slip op. (Pa. Super. Ct. 11/17/2009), ECF No. 8-4 at 19 to 21 (emphasis added, citations and footnotes omitted). While the Superior Court used the term "remand", it is apparent from the context and from the docket sheets in both the PCRA trial court and the Superior Court, that the Superior Court did not remand the case to the PCRA trial court but merely ordered further briefing on this specific issue of time credit and so "remanded" the case to counsel for further briefing.

claim to be meritless because Petitioner affirmatively stated that he was satisfied with counsel during the plea proceedings/colloquy. Id., at 14 to 15. As to Petitioner's claim that his direct appeal counsel was ineffective, the Superior Court found that "in light of the record before us, we perceive no other issue of merit [other than a sentencing credit issue] relating to direct appeal counsel's stewardship." Id. at 21, n.3.

After receiving the requested additional briefs by counsel for Petitioner and the Commonwealth (which conceded that Petitioner was entitled to the credit that he was denied), the Superior Court in an unpublished memorandum opinion vacated the judgment of sentence and remanded to the trial court for resentencing so that Petitioner could be granted the proper credit. Commonwealth v. Edmond, No. 979 WDA 2009, slip op. (Pa. Super. Ct. 2/5/2010), ECF No. 8-4 at 22 to 25.

Following the remand, on April 26, 2010, the trial court resentenced Petitioner, granting him the credit, which the Superior Court held Petitioner was owed for time that he spent in pre-trial custody when Petitioner failed to make bond on the rape charges. SCR No. 77.

On June 22, 2010, Petitioner filed a second PCRA petition. SCR 79. In that second PCRA petition, Petitioner raised two claims:

> Inducement of guilty plea by Commonwealth's medical expert, Rhonda Henderson, who tampered with forensic evidence, fabricated evidence, and reached conclusions not supported by true and accurate evidence.
> . . . .
> Ineffective assistance of trial counsel for failing to obtain and present independent examination of all forensic evidence prior to trial.

Second PCRA Petition, SCR No. 79. The PCRA Court denied relief on December 7,

6

2010.⁵ Petitioner appealed to the Superior Court. After intervening proceedings, the Superior Court recently affirmed the denial of relief on February 29, 2012. Commonwealth v. Edmond, No. 1983 WDA 2010 (Pa.Super.).

During the pendency of the state court appeals, Petitioner filed the instant Petition in this Court on May 21, 2010,⁶ raising as the only two issues that: his guilty plea was coerced and he was wrongfully denied his "right" to withdraw his guilty plea, a right which the state courts found he had knowingly and voluntarily waived as part of his plea agreement. ECF No. 8 at 5.

On August 23, 2010, the District Attorney of Erie County filed its Answer, ECF No. 14, and caused copies of much of the state court record to be transmitted to this Court. ECF Nos. 14, 15. We note that the District Attorney's Answer was filed after Petitioner had filed his second PCRA petition in the state courts on June 22, 2010. The Answer makes no mention of the second PCRA petition. Almost since the initiation of the present Petition, there have been parallel proceedings in state and federal court attacking the same conviction. Because the second PCRA proceedings mostly occurred after the filing of the Answer by the District Attorney, we have no record of those

---

⁵ The Court takes judicial notice of the dockets of Petitioner's criminal case and PCRA proceedings in Commonwealth v. Edmond, No. CP-25-CR-0002559-2006 (Erie County CCP) which are available at:

http://ujsportal.pacourts.us/docketsheets/CPReport.aspx?docketNumber=CP-25-CR-0002559-2006
(site last visited 7/3/2012).

⁶ The first PCRA proceedings concluded on April 26, 2010. The second PCRA petition was not filed until June 22, 2010. The instant Petition was filed on May 21, 2010, after the first PCRA proceedings had been completed but before the second PCRA proceedings were initiated.

proceedings before us now.

## B. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas petition was filed after its effective date, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

8

unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.[7]

---

[7] AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). Petitioner never once references this section nor argues that the state courts' unreasonably determined the facts. As such, we find any such claim to be waived. See, e.g., Arce-Garibay v. Ashcroft, 79 F.App'x 516, 519 n.3 (3d Cir. 2003) ("he waived this argument by failing to develop it in the body of his brief. See Reynolds v. Wagner, 128 F.3d 166, 178 (3d Cir. 1997) ('[A]n argument consisting of no more than a conclusory assertion ... will be deemed waived.')"). Even if not waived, this court finds that the state courts' factual determinations are not unreasonable.

9

## C. DISCUSSION

### 1. Petitioner Procedurally Defaulted His Claims.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes). The Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992). See Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

There are two exceptions to the procedural default doctrine. A federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's

efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted). The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts v. Vaughn, the Court explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [*Murray v. Carrier*, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Id.

Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted

11

waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. See, e.g., Wainwright v. Sykes; McClain v. Deuth, 151 F.3d 1033 (Table), 1998 WL 516804, at *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 n.3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993).

In this case, the two issues that Petitioner raises in the Petition were found by the Superior Court to have been waived for failure to raise them in his direct appeal. Commonwealth v. Edmond, No. 979 WDA 2009, slip op. (Pa. Super. Ct., 11/17/2009), ECF No. 8-4 at 13 ("Appellant contends he was forced into pleading guilty as a result of numerous trial court errors . . . . Appellant could have challenged the validity of his plea on these grounds when he filed his motion withdraw his guilty plea. He did not do so. Not surprisingly, therefore, he did not assert these arguments on direct appeal. Indeed, having not preserved them in the trial court, those matters were waived for purposes of direct appeal. Pa.R.A. P. 302(a). Similarly, his challenge on these bases is waived for PCRA purposes. 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b)."). See also id., at 14 ("Appellant also complains the trial court erred in denying his presentence motion to withdraw his guilty plea. Appellant cannot obtain PCRA relief on this issue because he waived this claim by not pursuing it on direct appeal.").[8]

---

[8] Procedural default will not be found based upon the failure to comply with the state procedural rule unless the state procedural rule is "adequate" and "independent." Coleman v. Thompson,

(footnote continued. . .)

It is true that ineffective assistance of counsel can, where, *inter alia*,[9] there is a federal right to counsel, serve as "cause" under the cause and prejudice exception so as to excuse the procedural default. We note in this vein that Petitioner did raise a claim of the ineffective assistance of direct appeal counsel in the state courts. Even if however, we assumed without deciding that Petitioner could establish cause for this procedural default via establishing the ineffectiveness of his direct appeal counsel for failing to raise these two issues, he could not establish prejudice in light of the overwhelming evidence of his guilt. This evidence includes the testimony of the 12 year old victim and the DNA evidence showing that it was Petitioner's bodily fluids found on/in the victim. See e.g., SCR Jury Trial Transcript at 81 (testimony of

---

501 U.S. 722, 750 (1991). A state rule of procedure is "adequate" if it is firmly established and applied with some consistency/regularly followed. Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996), *abrogated on other grounds by*, Beard v. Kindler, 130 S.Ct. 612 (2009). A state rule of procedure is "independent" if it does not depend for its resolution on answering any federal constitutional question. Ake v. Oklahoma, 470 U.S. 68, 75 (1985) ("when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law. . . ."). Pennsylvania's state rule of waiver for failure to raise an issue before the Superior Court on direct appeal appears to be "independent" as it seeks only to ask whether the issue was raised in the Superior Court and hence, does not involve any question of federal law. It also appears "adequate" as the rule was applied with sufficient consistency at the time of Petitioner's failure to raise the two issues in his direct appeal, and has been, since at least 1992. See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Godfrey v. Patrick, CIV.A. 05-1106, 2006 WL 3692598, at *11 (W.D.Pa., Dec. 12, 2006) ("Because this rule of waiver [for failing to raise an issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.")(footnote omitted). Hence, because Petitioner waived both of his issues under state law by failing to raise them in his direct appeal and because this state rule of waiver is independent and adequate, Petitioner has procedurally defaulted his two claims for purposes of federal habeas law.

[9] Martinez v. Ryan, 132 S.Ct. 1309 (March 20, 2012).

victim that Petitioner did penetrate her). Based on the same evidence, it would be impossible for Petitioner to show a miscarriage of justice if this Court did not overlook the procedural default. Accordingly, the Petition should be denied on the basis that Petitioner procedurally defaulted his two claims.

**2. The Claims Are Meritless.**

In the alternative, we also find that Petitioner failed to show that the trial court's adjudication of the claims was contrary to or an unreasonable application of United States Supreme Court precedent.

The two issues Petitioner raises in this Petition were addressed on the merits by the state trial court. See, e.g., Judge Bozza op., SCR No. 52. Therein, Judge Bozza held as follows:

> A plea colloquy was conducted where the defendant was fully apprised of the nature and consequences of his decision to enter a plea and was specifically advised that he was agreeing to waive his right to withdraw his plea. The defendant manifested his understanding of the implications of his decision and signed the plea agreement acknowledging the trial rights he was waiving, knowledge of the sentence he could possibly receive and further that he was waiving his right to withdraw his plea. He also verbally manifested his consent to this arrangement and acknowledged that he was waiving his right to withdraw his plea. This Court thereafter, finding that his plea was entered knowingly and voluntarily, accepted it. . . . .
>
> . . . .
>
> There is nothing in the record to substantiate the defendant's bold assertion that he was somehow coerced into entering his plea. Quite the contrary. The record reveals a clear understanding on his part of the parameters of the plea arrangement and the implications of his decision. The defendant's own [pro se arguments?] clearly manifested [an] understanding of the law of rape [and] belies his position that he was somehow duped because of the ineffectiveness of counsel.

SCR No. 52 at 2 to 5.[10] Petitioner fails to demonstrate, as is his burden, that the foregoing adjudication was contrary to or an unreasonable application of any then existing Supreme Court precedent. In fact, Petitioner fails to cite even a single United States Supreme Court case in the entire Petition, including the attachments (other than the Superior Court opinions which he attaches as attachments and which do cite some United States Supreme Court cases). Having failed to even argue that the state courts' disposition of his claim was contrary to any United States Supreme Court case, Petitioner

---

[10] Because we find that the trial court's holding in this respect constituted an "adjudication on the merits" with preclusive effect within the contemplation of Thomas v. Horn, 570 F.3d 105, 113 (3d Cir. 2009), we find that it is entitled to deference under AEDPA. In other words, merely because the Superior Court, during the course of the PCRA proceedings, held that Petitioner waived the two issues he raises in this Petition based on his failure to raise them in the direct appeal, such does not divest the trial court's holding of its preclusive effect. This is because, unlike in Thomas, the Superior Court in the PCRA proceedings was not directly reviewing Judge Bozza's opinion on direct appeal and in fact on direct appeal, Judge Bozza's decision was affirmed (even though neither of the two claims made herein were raised in that direct appeal). We find that Judge Bozza's decision was not divested of its preclusive effect under Pennsylvania law and so is entitled to deference under AEDPA. See, e.g., Standard Pennsylvania Practice 2d § 65:110 (2010) (explaining that under res judicata as found in Pennsylvania law "as between the parties, the judgment is final and conclusive not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding but also as respects any other available matter that might have been presented to that end."). See also Moore v. Diguglielmo, No. Civ.A. 04-1702, 2009 WL 2633776, at 11 n.11(W.D. Pa. Aug. 25, 2009) ("Unlike Thomas, the Superior Court here did not find the issues which the PCRA trial court addressed on the merits to have been waived because Petitioner did not present those very issues to the Superior Court. Hence, there is no undoing by the Superior Court of the PCRA trial court's holdings as to these issues."). Hence, because Petitioner could have presented the two issues on direct appeal and did not, the Superior Court's judgment on direct appeal, in effect, affirmed the trial court's finding as to these two issues, giving them preclusive effect.

In the alternative, even if we were not entitled to give deference to Judge Bozza's adjudication, we would recommend that on *de novo* review, the District Court reach the very same conclusion as did Judge Bozza. In other words, in light of the record before us, we recommend that the District Judge adopt Judge Bozza's holding as to these two issues as this Court's own. See Moore, 2009 WL 2633776 at 11 n.11.

15

fails to carry his burden to show entitlement to relief under AEDPA. Accordingly, for this alternative reason, the Petition should be denied.

Hence, either because Petitioner procedurally defaulted his claims or because he failed to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of then existing United States Supreme Court precedent, the Petition should be denied.

### III. CONCLUSION

For the reasons set forth herein, Petitioner procedurally defaulted his claims and Petitioner failed to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of then existing United States Supreme Court precedent. Accordingly, the Petition should be denied.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether this Court was correct in finding the claims to have been procedurally defaulted and/or in finding that Petitioner failed to carry his burden to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of United States Supreme Court precedent. Accordingly, a COA should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        /s/ Maureen P. Kelly
        MAUREEN P. KELLY
        U.S. MAGISTRATE JUDGE

Dated: July 16, 2012

cc: The Honorable Maurice B. Cohill
    United States Senior District Judge

    WILLIE JAMES EDMOND
    JG-1477
    SCI ALBION
    10745 RT 18
    ALBION, PA 16475

    All Counsel of Record via CM-ECF